HARDY Judge.
Plaintiff brought this suit seeking judgment authorizing the withdrawal of her membership in the employees’ retirement system of the iCity of Alexandria, reinstatement in her position as an employee of said City, and payment of her accrued salary from date of her removal December 31, 1949, to date of judgment. After trial there was judgment in favor of defendant rejecting plaintiff’s demands, from which plaintiff prosecutes this appeal.
The facts involved are almost entirely without dispute. Plaintiff, Miss Lucy B. Sylvester, has been regularly and continuously in the employ of the City of Alexandria since 1913, during which time she has been secretary to the several Commissioners of Streets and Parks of the City of Alexandria who occupied that office during this 37-year period.
By Act No. 33 of 1944 a pension and relief fund was created for the benefit of the general employees of the City of Alexandria; by Act No. 233 of 1944 a civil service system was established for certain employees of the City of Alexandria, and by Act No. 459 of 1948, which went into effect August 1, 1948, Act No. 33 of 1944 was superseded.
In or about the month of August, 1948, plaintiff, for good and, sufficient reasons which it is not necessary to enumerate here, 'became disturbed about her position and by letter of August 23, 1948 made application to the Director of Civil Service of the City of Alexandria for inclusion in the civil service schedule. Under the provisions of the Civil Service Act plaintiff was not eligible for inclusion thereunder and, upon being so informed by the Director, she *53 changed her application to a request for inclusion in the pension schedule of the City-in lieu of civil service. For the purpose of complete clarification the letter in full is reproduced as follows:
“Alexandria, Louisiana, Aug. 23rd, 1948.
“Mr. Don Moriarity, Director of Civil Service, City of Alexandria, La.
“Dear Sir:
“This is to advise that I wish to be in-pension eluded in the City Civil -Service schedule, having been working directly for the city for more than thirty years.
“Yours very truly,
“B. Sylvester
“B. Sylvester”
The change was effected by pen, two lines being run through the words “civil service” and the penned word “pension” inserted.
Beginning with the month of August, 1948, and continuing each month until plaintiff’s employment was terminated, as hereinafter set forth, a deduction was made from plaintiff’s usual salary in the amount ■of $9.75 per month, representing her contribution to the pension fund.
By letter of November 7, 1949, directed to plaintiff, written and signed by Donald P. Moriarity in his capacity as Secretary, City of Alexandria Employees’ Retirement System, plaintiff was notified that having attained the age of 70 years and having accepted membership in the retirement system her retirement from the service of the City was obligatory under the provisions of Act No. 459 of 1948. Thereupon, under date of November 10, 1949, plaintiff directed a letter to Mr. Moriarity acknowledging receipt of his communication and advising: * * * I no longer wish to be included in said retirement system and have to request that my name be taken off the Roster ♦ * * »
Plaintiff was advised that having voluntarily signified her intention of becoming a member of the retirement system she could not legally withdraw therefrom-. Plaintiff refused to submit, and continued to work in the office of the Commissioner of Streets and Parks. The City of Alexandria terminated plaintiff’s employment on December 31, 1949. Plowever, plaintiff persisted in her refusal to give up her work, which apparently she continued to .perform without remuneration to the date of trial.
After December 31, 1949, plaintiff received monthly pension checks in the sum of $105.10, representing the pension due her as a retired -employee and member of the Pension Fund, but she refused to cash these checks and at the trial tendered them all to defendant, which tender was admitted in open court.
Plaintiff bases her claim to the relief sought on the ground that in changing her request from an application to be included in the civil service system to. the pension system, she acted in error of fact and of law. The specifications of error are set forth in Article 5 of plaintiff’s petition, as follows:
“•(a) She supposed that she could withdraw from membership at any time, not having the remotest idea that her freedom of action was curtailed or affected. Had she not thought that she had this right of withdrawal, she would never have made the request. „
“(b) She was not informed nor did. she know that this action bound her hard and fast and she could not withdraw. Had she been so informed, or had she so known, she would not have made the request. The Act of 459-of 1948, was a.new act in a special field and.not a law of general application and nobody told her that it prevented her withdrawal, if that was the effect of said Act. ■ , .
“(c) She was not informed nor did she know that her action bound her unless she gave a contrary notice in a limited time, if that was the - law’s effect. Had she been so informed, or had she so known, she would have withdrawn in due time or not have changed her letter at all.
“(d) She was not. informed nor did she know that the 1948 Act provided for compulsory retirement of a member at the age of .seventy, beginning August 1, 1949, nor *54 that by changing her letter she was subjecting herself to enforced retirement or cutting herself off forever from the free exercise of a fully informed choice in a matter of such grave consequences. Had she known this or been told this she would not have changed her letter or applied for the benefits of the retirement and pension system. She never had any intention of subjecting herself to enforced retirement.”
The answer of defendant is in effect a general denial predicated upon the provisions of the Act referred to with respect to compulsory retirement and the prohibition of withdrawal from the pension system.
The resolution of this case depends upon the determination of a question of fact, that is, whether plaintiff did act under an error of law and of fact. This error must be established by plaintiff, and consequently she bears the burden of proof. The only witnesses on this point were plaintiff herself and Mr. Moriarity. Their testimony is squarely in conflict on a material point, namely whether or not plaintiff was acquainted, with the effect of her application before she made the change in her letter. Mr. Moriarity testified that he had discussed the matter with Miss Sylvester in his office prior to the date of her application, that is, August 23, 1948. He further testified that on receipt of this letter he started to make his way to Miss Sylvester’s office for the purpose of again acquainting her with the fact that she was not eligible to membership in the civil service system. The witness met Miss Sylvester on the stairway, gave her the information and suggested that she make the change in order to come under the provisions of the pension fund. It was shown that applicants for membership in the pension fund, that is, the Employee’s Retirement System, were required to make election of their acceptance of the benefits of the system prior to November 1, 1948.
Plaintiff squarely, emphatically, sweepingly and vigorously contradicted Mr. Moriarity’s testimony with reference to any meeting or discussion prior to the meeting on the stairway. Under these circumstances of irreconcilable conflict of testimony it is proper to look to surrounding circumstances in the effort to find additional light on the point.
We are impressed with the facts that plaintiff, for a period of considerably more than a year following her application, submitted to a deduction of a monthly contribution to the pension fund without protest; that she made no effort to attempt to withdraw her membership, nor, so far as is shown, did she ever indicate to any other individual that she had made a mistake in requesting membership in the fund. Only after plaintiff was notified of the obligatory requirement of retirement from her employment with the City did she take any action.
In the effort to combat the effect of these adverse implications plaintiff testified that she was disturbed and upset for a considerable period of time by the serious-illness of her sister; that subsequently she herself was seriously ill for a number of weeks, and further, that she repeatedly said in her own mind “I must get out of this”'. If plaintiff ever made such a remark to anyone else the record fails to disclose the-fact.
Plaintiff claims and so testified that, in advising that she change her application Mr. Moriarity assured her that by that, means she -would obtain “protection”'.. Plaintiff insists that the only protection she sought and the only protection she would, under any circumstances accept was the-continuance of her employment. As secretary to Mr. Bringhurst plaintiff was disturbed by his serious illness and by the-possible results of an approaching city election. In this connection it is appropriate to • note that Miss Sylvester testified that Mr. Bringhurst had mentioned the fact that he thought he would accept a pension and’ retire. . This in itself should have been sufficient to a person of plaintiff’s unquestionably high degree of intelligence to acquaint her with the general purpose of the pension, or retirement plan.
Under the circumstances there is no need; to give more detailed consideration to the *55 questions here involved. Plaintiff has failed to substantiate her contentions of error of-fact.by any preponderance of evidence. On the contrary we think consideration of surrounding circumstances outweighs plaintiff’s claims in this respect.
 As to the reliance upon error of law, we do not perceive the applicability of this contention. We are firm in the belief that plaintiff was generally familiar with the purpose and effect of the pension plan. Her ignorance of certain detailed provisions of the statute could not serve to accord relief. The age old maxim “ignorantia lex neminem excusat” is particularly and explicitly applicable.
We find no error in the judgment of the District Court and accordingly the same is affirmed at appellant’s cost.